IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARIMAH MILLIGAN *on behalf of Russell Milligan, Deceased,* | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-868-L-BN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Karimah Milligan ("Plaintiff"), on behalf of Russell Milligan ("Milligan"), seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be affirmed.

**Background**

Plaintiff alleges that her husband, Russell Milligan, who passed away on September 25, 2011, was disabled due to congestive heart failure, diabetes mellitus, hypertension, and obesity. *See* Dkt. No. 7-3 at 21; Dkt. No. 7-4 at 57; Dkt. No. 7-7 at 24. After his application for disability benefits was denied initially, *see* Dkt. No. 7-5 at 8-11, and on reconsideration, *see id.* at 19-21, Milligan requested a hearing before an administrative law judge ("ALJ"), *see id.* at 22-23. That hearing was held on June 13, 2012. *See* Dkt. No. 7-3 at 28-52. At the time of the hearing, Milligan was deceased. *See id.* at 31. He was a high school graduate and had past work experience as a cart pusher, cashier, and overnight stocker. *See* Dkt. No. 7-7 at 25-26. Milligan had not

engaged in substantial gainful activity since January 21, 2010. *See Id.* at 24; Dkt. No. 7-6 at 4.

The ALJ found that Milligan was not disabled and therefore not entitled to disability benefits. *See* Dkt. No. 7-3 at 22. Although the medical evidence established that he suffered from a history of congestive heart failure, diabetes mellitus, hypertension, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 15. The ALJ further determined that Milligan had the residual functional capacity to perform sedentary work including employment as a final assembler, document preparer, and waffer braker. *See id.* at 21-22.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed. *See id.* at 2-4.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on three grounds: (1) the ALJ's determination that Milligan's impairments did not meet a listing was not supported by substantial evidence; (2) the findings that Milligan had the residual functional capacity to perform sedentary work is not supported by substantial evidence because no finding was made as to Milligan's ability to sustain employment; and (3) the ALJ failed to rule on the credibility of all witnesses and incorrectly used medication compliance and work activity prior to the alleged onset date when assessing Milligan's credibility.

The undersigned concludes that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

3

2.      The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.      The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. See Audler, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Step Three Analysis

Plaintiff first contends that the ALJ erred by concluding that Milligan did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," *see* Dkt. No. 7-3 at 15, without providing any explanation of why he made the adverse determination, *see* Dkt. No. 11 at 15-20.

At the third step of the sequential evaluation process, the ALJ considers whether a claimant has an impairment or combination of impairments that meets or equals a listed condition. *See* 20 C.F.R. § 404.1520(d). By statute, the ALJ is required to discuss the evidence offered in support of a claimant's application and to explain why he or she finds the claimant not to be disabled at each step. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Where the ALJ has offered nothing to support a conclusion at Step Three, the Court cannot determine whether the decision is based on substantial evidence. *See id.* "[A] summary conclusion that a claimant fails to meet or equal the criteria of an unspecified listing is insufficient because it does not permit meaningful judicial review." *Dunn-Johnson v. Comm'r of the Soc. Security Admin.*, No. 3:10-cv-1826-BF, 2012 WL 987534, at *6 (N.D. Tex. Mar. 22, 2012) (citing *Audler*, 501 F.3d at 448). But the Court is not required to remand a case due to this legal error unless the claimant's substantial rights have been affected. *See id.* (citing *Audler*, 501 F.3d at 448 & *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

Here, the ALJ did not identify any listed impairment for which Milligan's symptoms failed to qualify, nor did he provide any explanation as to how he reached the conclusion that Milligan's symptoms were not sufficiently severe to meet any listed

impairment. He simply stated that "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Dkt. No. 7-3 at 15. The ALJ's Step Three analysis is insufficient under *Audler. See Dunn-Johnson*, 2012 WL 987534, at *6.

Plaintiff contends that Milligan met Listing 4.02, chronic heart failure, for purposes of the Step Three analysis. *See* Dkt. No. 11 at 18-20. Plaintiff asserts that Milligan established systolic failure resulting in persistent systems of heart failure under the Listing by showing:

A. Medically documented presence of ...:

1. Systolic failure (see 4.00D 1 a(i)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure);

* * *

AND

B. Resulting in ... :

1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual[.]

20 CFR Pt. 404, Subpt. P, App. 1, § 4.02.

Plaintiff has the burden of proof at Step Three of the sequential evaluation process. *See Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). Here, Plaintiff cites a June 17, 2009 echocardiogram showing left ventrical end diastolic dimension of 7.2 cm and a February 21, 2010 cardiac catheterization demonstrating ejection

fraction of 10 percent. *See* Dkt. No. 11 at 18-19 (citing Dkt. No. 7-9 at 20 & Dkt. No. 8 at 24). Plaintiff also described the serious limitations of daily living experienced by Milligan. *See* Dkt. No. 11 at 19-20. But, as Plaintiff acknowledges, the echocardiogram was taken at least six months prior to Milligan's onset date. And the listing also requires that the test results occur during a period of stability, not during an episode of acute heart failure. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02. The records here show that the testing was performed during a period of exacerbation. *See* Dkt. No. 7-8 at 30 through Dkt. No. 7-10 at 7. Defendant also notes that the record does not contain evidence that a medical consultant concluded that the performance of an exercise test would present a significant risk to Milligan. *See* Dkt. No. 12 at 5 (citing 20 C.F.R. Pt. 404, Subpt. B, App. 1, Listing 4.02). On the contrary, Milligan underwent an exercise stress test in June 2009, just days after the echocardiogram. *See* Dkt. No. 7-9 at 22-23.

Although Plaintiff urges in reply that the ALJ should also have discussed the combination of Milligan's obesity and congestive heart failure and that a doctor's statement that Milligan was probably a transplant candidate "could have been found an opinion that an exercise stress test would present a significant risk to Milligan," Dkt. No. 13 at 3, neither of these arguments establishes that the ALJ's *Audler* error was prejudicial. An ALJ's failure to provide support for his or her Step Three determination does not make the ruling "hopelessly inadequate" and does not require automatic remand, as Plaintiff urges. *See* Dkt. No. 13 at 4-5. Remand is only necessary if the claimant's substantial rights have been affected. *See Mays,* 837 F.2d at 1364 ("Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected."). To be entitled to relief, the

claimant must establish that the ALJ erred and that the ALJ's error casts into doubt the existence of substantial evidence to support the ALJ's decision. *See Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988); *see also Brock,* 84 F.3d at 728 ("To establish prejudice, a claimant must show that he could and would have adduced evidence that might have altered the result."); *Morris v. Astrue,* No. 4:07-cv-547-A, 2008 WL 4791663, at *2 (N.D. Tex. Oct. 24, 2008) (holding that the ALJ's Step Three error was harmless because the claimant did not present sufficient medical evidence showing that she met or equaled a listing).

Here, Plaintiff has not pointed to record evidence that could sufficiently meet the A and B requirements of Listing 4.02 and does not identify any other listing nor the evidence to support a finding on that listing.

Accordingly, Plaintiff has not established that the ALJ's Step Three error affected Milligan's substantial rights.

Ability to Sustain Employment

Plaintiff next contends that the ALJ's determination that Milligan was able to find employment and perform certain sedentary jobs failed to apply the proper legal standard requiring analysis of Milligan's capacity for performing the job on a sustained, full-time basis. *See* Dkt. No. 11 at 20-26.

In *Watson v. v. Barnhart,* 288 F.3d 212, 218 (5th Cir. 2002), the United States Court of Appeals for the Fifth Circuit held that the ALJ erred by failing to determine whether the plaintiff was capable not only of obtaining but also maintaining employment. The RFC rules (20 C.F.R. § 404.1545) and a Social Security Ruling (SSR 96-8p (1996)) both make clear that the RFC is a measure of the plaintiff's capacity to

perform work "on a regular and continuing basis," and in most cases the ability to maintain employment is adequately taken into account in the RFC determination. *See, e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005); *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). But the Fifth Circuit has clearly rejected the idea that an ALJ must in all cases make a separate finding that the claimant has the ability to maintain employment. *See Frank*, 326 F.3d at 619. Any required extra finding must be predicated on the claimant's having an impairment that waxes and wanes in its manifestation of disabling symptoms. *See id.*; *see also Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003).

The Court of Appeals in *Frank v. Barnhart* explained that "*Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Frank*, 326 F.3d at 619. *Frank* gave an example of evidence that might necessitate a separate finding of a claimant's ability to maintain employment: "For example, if [the Plaintiff] had alleged that her degenerative disc disease prevented her from maintaining employment because every number of weeks she lost movement in her legs, this would be relevant to the disability determination." *Id.*

In *Perez v. Barnhart*, the Fifth Circuit also found that the plaintiff's evidence of "waxing and waning" disability did not rise to the level of impairment required by *Watson*. 415 F.3d at 465. The plaintiff claimed that his "pain would vary in intensity or 'wax and wane' between injections" and that he had "good days and bad days," and the plaintiff's expert witness testified that "he knew Mr. Perez and it was his professional opinion that Mr. Perez would not be able to work a 30 hour week on a

reliable basis." *Id.* at 465-66. The Court of Appeals found that these assertions were not sufficient to bring Perez's case within the scope of *Frank. Id.* at 465. The panel further remarked that "[i]t is axiomatic that the pain from any type of ailment will vary in intensity, especially the farther one gets from treatment that alleviates pain." *Id.*

The Fifth Circuit held in *Dunbar v. Barnhart* that, "absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of [residual functional capacity]," a separate finding regarding an ability to maintain employment is not required. 330 F.3d at 671.

Plaintiff has not identified or demonstrated the existence of "waxing and waning" symptoms that would satisfy the *Frank* and *Watson* standard, except to assert in conclusory fashion that "Milligan's dilated congestive heart failure was the type of impairment that would impact his ability to hold a job." Dkt. No. 11 at 23. Plaintiff has pointed to no evidence showing that Milligan experienced "periods of incapacity" and has not shown that his congestive heart failure "waxed and waned," as required by Fifth Circuit law.

The ALJ was therefore not required to make a separate finding regarding Milligan's ability to sustain employment and did not err in this regard.

<u>Credibility Determinations</u>

Finally, Plaintiff contends that the ALJ improperly failed to rule on Karimah Milligan's credibility and incorrectly focused on medication compliance and work activity when assessing Milligan's credibility. *See* Dkt. No. 11 at 26-35.

*Credibility of Karimah Milligan*

Plaintiff's claim that the ALJ was required to evaluate Plaintiff's statements regarding Milligan's shortness of breath, reduced stamina, and edema under the Fifth Circuit precedent that applies to subjective complaints about pain is unsupported by the law. An ALJ must consider the subjective evidence of pain testified to by a claimant, and the "[f]ailure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints requires reversal and remand." *Scharlow v. Schweiker,* 655 F.2d 645, 649 (5th Cir. Unit A 1981). But Plaintiff does not identify any precedent that has extended *Scharlow* to testimony regarding symptoms other than subjective reports of pain. Karimah Milligan's testimony that Plaintiff contends should have been evaluated under *Scharlow* and its progeny – that Milligan had difficulty walking, could not sleep while lying down because he would cough a lot, needed to sit on the couch and elevate his legs due to swelling, required frequent breaks after playing drums, and faced difficulty in seeking medical assistance without insurance – are not subjective complaints of pain but rather are testimony regarding Karimah Milligan's observation of Milligan's symptoms.

Plaintiff cites no case law requiring the ALJ to evaluate that testimony as he would have the evidence of Milligan's subjective pain. Indeed, an ALJ is not required

to make specific findings with respect to the credibility of a witness who did not present any separate and independent evidence in support of the claimant's physical impairments. *See Lehman v. Apfel*, No. 7:00-cv-14-AH, 2001 WL 1335902, at *9 (N.D. Tex. Oct. 23, 2001) (citing *Moore v. Sullivan,* 919 F.2d 901, 905 (5th Cir. 1990)) (finding that an ALJ did not err in failing to evaluate the credibility of a wife whose testimony "merely related to her observations of the physical limitations" alleged by the claimant).

The ALJ, moreover, explained why he discounted Karimah Milligan's testimony as to the extent of her husband's symptoms. The ALJ observed that most of the medical records contain no complaints and no shortness of breath and provided no evidentiary support for Karimah Milligan's testimony. *See* Doc. No. 7-3 at 19. The ALJ also reported that Milligan appeared to have maintained employment during at least some of the alleged period of disability and asserted to the Texas Labor Commission that he was ready, willing, and able to perform work activity after the alleged onset date of his disability. *See id.* at 19-20.

*Noncompliance With Treatment*

Under the social security regulations, the failure to follow a prescribed course of treatment "without a good reason" precludes a finding of disability. *See* 20 C.F.R. § 416.930(b); *see also id.* § 404.1530(b). The ALJ must develop the record to determine whether the claimant justifiably failed to undergo the treatment prescribed. *See* SSR 82-59, 1982 WL 31384, at *2 (S.S.A. 1982). If the evidence suggests that the claimant does not have a good reason for failing to follow the prescribed treatment, the claimant must be informed of that fact and of its effect on the eligibility for benefits. *See id.* at

13

*5. The claimant must be afforded an opportunity to comply with the prescribed treatment or to show "justifiable cause" for failing to do so. *Id.* But these procedures "only apply to claimants who would otherwise be disabled within the meaning of the Act." *Hawkins v. Astrue*, No. 3:09-cv-2094-BD, 2011 WL 1107205, at *2-3 (N.D. Tex. Mar. 25, 2011) (internal citations omitted); *see also Lay v. Colvin,* No. 4:13-cv-579-C, 2014 WL 4177318, at *13 (N.D. Tex. Aug. 22, 2014) (citing *Shipp v. Astrue,* No. 5:12-cv-005-BG, 2012 WL 6708550, at *5 (N.D. Tex. Aug. 30, 2012)) (SSR 82-59 does not apply where an ALJ determines that the claimant did not suffer from a disabling impairment and was not disabled).

The undersigned, after reviewing the ALJ's decision as a whole, concludes that the ALJ did not base his denial of benefits on Milligan's noncompliance with taking his medication but, instead, found that this noncompliance undermined his credibility. *See* Dkt. No. 7-3 at 18. To the extent that the ALJ based his decision of non-disability on Milligan's non-compliance with prescribed treatment, that was but one of many factors – including the objective medical evidence in the record and Milligan's lack of complaints, lack of shortness of breath, and improvement on medication – that the ALJ cited. *See id.* at 19-22. Because the case does not fall squarely under SSR 82-59, "any lack of notice and opportunity required by that ruling does not give rise to reversible error." *Nicaragua v. Colvin*, No. 3:12-cv-2109-G-BN, 2013 WL 4647698, at *8 (N.D. Tex. Aug. 29, 2013); *see also Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990) (stating that, because there was no evidence, besides the claimant's own testimony, that the claimant was disabled with or without regular medical treatment, the ALJ

was not precluded from relying upon the lack of treatment as an indication that the claimant was not disabled).

*Work Activity and Unemployment Application*

Although Plaintiff contends that the ALJ improperly focused on Milligan's work activity and statements made in connection with his application for unemployment benefits, *see* Dkt. No. 11 at 32-35, this Court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ, *see Carey v. Apfel*, 220 F.3d 131, 135 (5th Cir. 2000); *see also Hollis*, 837 F.2d at 1383. As long as substantial evidence supports the ALJ's determination, the Commissioner's determination should be affirmed. Here, the ALJ determined that Milligan's work activity during the period of alleged disability and statements that he was ready, willing, and able to perform additional work tend to discount the credibility of Plaintiff's claim of disability. The Court should not reweigh this evidence simply based on public policy considerations.

In any case, the ALJ's finding in this regard also conforms to other Fifth Circuit cases that acknowledge that a Plaintiff's search for employment or active participation in employment during the alleged period of disability do not support allegations of severe impairment. *See, e.g., Lehman,* 2001 WL 1335902, at *8 (citing cases) ("Plaintiff's continued – though limited – work as a mechanic, Plaintiff's abilities to drive and walk short distances, and objective medical evidence presented require the court to defer to the ALJ's determination of credibility"); *see also Jones v. Bowen,* 829 F.2d 524, 527 (5th Cir. 1987) (affirming the ALJ's credibility determination because, in part, Plaintiff's search for employment did not support Plaintiff's allegations of "severe, uncontrollable illness and restriction of function for light work"); *Parfait v.*

*Bowen,* 803 F.2d 810, 813-14 (5th Cir. 1986) (affirming the ALJ's credibility determination because Plaintiff's abilities to perform sedentary work, drive short distances, and walk short distances did not support Plaintiff's allegations of "incapacity and severe pain").

The undersigned does not find that the ALJ erred by remarking on Milligan's work at different churches playing drums and work for Keep Safe Security during his alleged period of disability, nor did the ALJ err in citing Plaintiff's statement to the Texas Labor Commission that he was ready, willing, and able to perform work activity after the alleged onset date of his disability.

Accordingly, the undersigned concludes that substantial evidence supports the ALJ's determination that Milligan was not disabled, Plaintiff has failed to establish legal error in any manner, and the ALJ's decision should be affirmed.

## Recommendation

The hearing decision should be affirmed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE